IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUENTIN BIVINS,      § | |
|    MOVANT, § | |
| § | |
| V. § | CIVIL CASE NO. 3:16-CV-1697-D-BK |
| § | (CRIMINAL CASE NO. 3:10-CR-104-D-1) |
| UNITED STATES OF AMERICA, § | |
|    RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Quentin Bivins' *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255*, was referred to the undersigned United States magistrate judge for findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, the Section 2255 motion should be **GRANTED**.

### I.     BACKGROUND

Bivins was convicted of possessing a firearm after conviction of a felony offense and was sentenced to 188 months' imprisonment and a three-year term of supervised release. *United States v. Bivins*, No. 3:10-CR-206-D (07) (N.D. Tex., Dallas Div., Dec. 5, 2011), *aff'd*, 495 Fed. Appx. 533 (5th Cir. 2012), *cert. denied*, 569 U.S. 911 (2013). He sought post-conviction relief under 28 U.S.C. § 2255, asserting that he was not subject to the Armed Career Criminal Act (ACCA), and that counsel rendered ineffective assistance at sentencing and on appeal in failing to challenge the ACCA. The Court denied relief, finding that Bivins' prior Texas convictions – two for burglary of a habitation and one for evading arrest – qualified as violent felonies under the ACCA and, thus, trial and appellate counsel were not ineffective in failing to raise the

proposed claims at sentencing and on direct appeal. *Bivins v. United States*, No. 3:13-CV-1848-D-BK (N.D. Tex. Apr. 30, 2014).

Following the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that the residual clause of the ACCA was unconstitutionally vague, the United States Court of Appeals for the Fifth Circuit granted *Bivins'* *pro se* motion for authorization to file a successive Section 2255 motion. *In re Bivins*, No. 16-10591, Doc. 1 at 2 (5th Cir. June 21, 2016) ("Pursuant to *Johnson*, at least one of the three convictions relied on by the district court no longer qualifies as a predicate conviction under the ACCA."). Through appointed counsel, Bivins subsequently filed an amended Section 2255 motion in the instant case, asserting that "[w]ithout the residual clause, [Bivins] has fewer than three violent felonies." Doc. 10 at 7. Subsequently, this case was stayed until February 20, 2018, when the Fifth Circuit Court of Appeals, sitting *en banc*, held that Texas burglary convictions no longer qualify as violent felonies and, thus, cannot be used to enhance sentences under the ACCA. *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *pet. for cert. filed*, Nos. 17-1445, 17-9127 (Apr. 18, 2018).

The Government now responds that while Bivins' evading arrest conviction no longer qualifies as an ACCA predicate, his deadly-conduct conviction does and, thus, Bivins still has three qualifying predicates under the ACCA. Doc. 22. Bivins counters that he is nevertheless prejudiced by the *Johnson* error since, as the law currently stands, neither his deadly conduct nor burglary convictions are violent felonies under the ACCA. Doc. 24. The Court agrees that deadly conduct is not a violent felony and, thus, he is entitled to Section 2255 relief.

**II.    ANALYSIS**

There is no dispute that Bivins' evading arrest conviction, though considered a violent felony under the ACCA's residual clause at the time of original sentencing, no longer qualifies as an ACCA predicate under the invalidated residual clause. Doc. 22 at 10-11; Doc. 24 at 2. As such, Bivins has met the requisite jurisdictional showing under 28 U.S.C. § 2244(b)(2) and (4). *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018) ("The dispositive question for jurisdictional purposes . . . is whether the sentencing court relied on the residual clause in making its sentencing determination—if it did, then *Johnson* creates a jurisdictional predicate for the district court . . . to reach the merits of [Movant's] motion."). The Court addresses next whether he can show harmless error or prejudice.

**A.  Harmless Error Analysis Applies**

In a Section 2255 case, the movant bears the burden of establishing that he is entitled to relief by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). While relief automatically follows if certain "structural" errors are proven, s*ee Burgess v. Dretke,* 350 F.3d 461, 471 (5th Cir. 2003), for most "trial errors," the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard in a Section 2255 proceeding). In any case, "'[s]tructural error' is error that 'infect[s] the entire trial process,' such as a biased trial judge or the denial of counsel to the defendant." *Burgess*, 350 F.3d at 471; *see also United States v. Marcus*, 560 U.S. 258, 263 (2010) (noting "'structural errors' are 'a very limited class' of errors that affect the 'framework within which the trial proceeds,' such that it is often 'difficul[t]' to 'asses[s] the effect of the error'" (quoted cases omitted)).

Although the Court of Appeals for the Fifth Circuit has yet to do so, the circuit courts that have addressed *Johnson*-based Section 2255 motions have, in effect, applied harmless error analysis to initial and successive Section 2255 motions. *See United States v. Lewis*, 904 F.3d 867, 872 (10th Cir. 2018) (applying harmless error analysis to a first Section 2255 motion if *Johnson* error is established); *Hrobowski v. United States*, 904 F.3d 566, 569 (7th Cir. 2018) (noting that "[t]o prevail, [on successive Section 2255, the movant] needed to show that a *Johnson* error occurred and that he was prejudiced by that error"); *United States v. Geozos*, 870 F.3d 890, 894-95 (9th Cir. 2017) (finding that when a successive Section 2255 motion relies on *Johnson*, the court must also consider whether the *Johnson* error was harmless).

Here, neither party disputes that the harmless error standard applies. Thus, to prevail, Bivins must show that he was prejudiced by the *Johnson* error the Government concedes. *See Hrobowski*, 904 F.3d at 569; *Geozos*, 870 F.3d 890, 897-98. Stated differently, the issue is whether, under current law, Bivins can show that absent the residual clause he no longer has three convictions that qualify as violent felonies. Indeed, the question boils down to the proper classification of Bivins' deadly conduct conviction under Texas Penal Code § 22.05.[1] Because the Court concludes *infra* that deadly conduct does not qualify as a violent felony, Bivins has established prejudice and must be resentenced.[2]

---

[1] While neither the Presentence Report (PSR) nor the Government suggested that deadly conduct could be a violent felony, Bivins does not object to the Government now relying on deadly conduct as a third ACCA predicate. Doc. 24 at 3-4 (citing PSR at 4 ¶ 23 and at 8 ¶ 35, Crim. Doc. 52-1 at 6, 10).

[2] The Court also need not address Bivins' alternative argument that he can rely on *Herrold* (and by extension, *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016)) to establish that *Johnson* error resulted in prejudice—that is, that since his Texas burglary convictions no longer count as ACCA predicates under current law, the ACCA enhancement does not apply to him. Doc. 24 at 6-8.

### B.  Deadly Conduct Conviction is not a Violent Felony

The Government argues that deadly conduct is a violent felony under the ACCA's enumerated-offense clause because discharging a firearm necessarily "involves use of explosives." Doc. 22 at 15-16; *see* 18 U.S.C. § 924(e)(2)(B)(ii).[3] It contends that, by definition, a firearm is a device that "expels a projectile" through energy generated by an explosion and, thus, that discharging a firearm always "involves use of explosives" since bullets are propelled by a charge of gunpowder, which is an explosive.  The Government cites in support the holding in *United States v. Davis*, 202 F.3d 212, 219-20 (4th Cir. 2000) (interpreting the definition of "explosives" under United States Sentencing Guideline section 2K1.4 to include the discharge of a firearm).  The Government's argument is premised on the fact that the indictment underlying Bivins' deadly conduct conviction alleges that he discharged a firearm at and in the direction of an individual in violation of Texas Penal Code § 22.05(b)(1).  Doc. 23 at 6.

The Government's argument is flawed.  First, the Fourth Circuit's holding in *Davis*, even if considered precedential, related only to the application of the Guideline for "Property Damage by Use of Explosives" under U.S.S.G. § 2K1.4, and had no relation to the enumerated offenses definition in Section 924(e)(2)(B)(ii) of the ACCA.  *See Davis*, 204 F.3d at 220.  Second, a plain reading of Section 924(e)(2)(B)(ii) indicates that the phrase "involves the use of explosives" does not include discharge of a firearm.  *Cf. Salazar v. Maimon*, 750 F.3d 514, 518 (5th Cir. 2014) ("'The appropriate starting point when interpreting any statute is its plain meaning.'"

---

[3] The ACCA's enumerated offense clause states a violent felony "is burglary, arson, or extortion, [or] involves use of explosives."  18 U.S.C. § 924(e)(2)(B)(ii).

(quoted case omitted)); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) ("The clearest indication of congressional intent is the words of the statute itself. When the language of a statute is unambiguous we must follow its plain meaning." (cited cases omitted)).  The ACCA enumerated offense clause plainly states that a violent felony "is burglary, arson, or extortion, [or] *involves use of explosives*."  *See* Section 924(e)(2)(B)(ii) (emphasis added).  Nothing in the phrase "involves use of explosives" alludes to discharging a firearm and/or the concomitant chemical "explosion" that may occur to expel the projectile from the gun.  Moreover, the ACCA specifically provides for enhanced punishment for firearms offenses, thus, there would be no logical reason for Congress to avoid including the discharge of a firearm among the enumerated offenses in the definition of violent felony if that is indeed what it intended.  Consequently, the language in question is unambiguous and the Court must follow its plain meaning.  *See Salazar*, 750 F.3d at 518 ("The inquiry ceases 'if the statutory language is unambiguous and the statutory scheme is coherent and consistent.'" (quoting *Barnhart v. Sigmon Coal Co., Inc.,* 534 U.S. 438, 450 (2002))).

Notably, in *United States v. Onick*, 702 Fed. Appx. 231, 232-33 (5th Cir. 2017) (per curiam), the Court of Appeals for the Fifth Circuit has implicitly rejected the *Davis* holding and the exact same argument of the Government that a conviction of deadly conduct by discharging a firearm necessarily "involves use of explosives" under U.S.S.G. § 2K2.1 (which incorporates the definition of crime of violence at U.S.S.G. § 4B1.2(a)).

**III.    CONCLUSION**

Based on the foregoing, the Court concludes that under current law deadly conduct under Texas Penal Code § 22.05 is not a violent felony under the ACCA's enumerated-offense clause and, as such, it does not qualify as a third ACCA predicate.  Because without the deadly conduct

conviction, Bivins no longer has three qualifying convictions under the ACCA, any reliance by the Court on the residual clause at sentencing was not harmless and the enhancement of his sentence was thus improper.

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **GRANTED**, the judgment should be **VACATED**, and Movant should be resentenced without the ACCA enhancement.

**SO RECOMMENDED** on January 9, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).